JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN CASIMERE, an individual<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL LINE BUILDERS, INC., a corporation, JIMMY QUINONEZ, an individual; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 5:23-cv-02230-WLH-SHKx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND BUT DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES [13]** |

This matter comes before the Court on Plaintiff Edwin Casimere's ("Plaintiff") Motion to Remand and Request for Attorneys' Fees (the "Motion"), filed November 30, 2023. (Mot. to Remand, Docket No. 13). Defendants International Line Builders, Inc. ("ILB") and Jimmy Quinonez ("Quinonez") (collectively, the "Defendants") filed their Opposition to Plaintiff's Motion (the "Opposition") on December 14, 2023. (Docket No. 17). Plaintiff filed his Reply in Support of the Motion (the "Reply") on December 22, 2023. (Docket No. 18). This matter is fully briefed.

No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15. Further, pursuant to Federal Rule of Civil

Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for January 5, 2024, is **VACATED**, and the matter taken off calendar.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion but **DENIES** Plaintiff's request for attorneys' fees.

I.  BACKGROUND

   A. **Procedural Background**

Plaintiff is a resident of California who was formerly employed by ILB as a "Transportation Tech" from August 2017 until October 28, 2022. (Declaration of Margeaux M. Pelusi ("Pelusi Decl."), First Amended Compl. ("FAC"), Docket No. 1-3 ¶ 1, Exh. B). Defendant ILB is incorporated in Delaware and has its principal place of business in Oregon.[1] (RJN, Docket No. 1-8 ¶ 1, Exh. A). Defendant Quinonez, Plaintiff's former supervisor at ILB, is alleged to be a California resident. (Docket No. 1-3 ¶ 3).

On June 28, 2023, Plaintiff filed this action in Riverside County Superior Court against Defendants and Does 1 through 100. (Pelusi Decl., Compl. Docket No. 1-2, Exh. A). The initial Complaint alleged the following eight causes of action for

---

[1] ILB filed a Request for Judicial Notice ("RJN") in conjunction with its Notice of Removal ("NOR") requesting that the Court take judicial notice of the business entity search results for ILB on the California Secretary of State's website. (RJN, Docket No. 1-8, Exh. A). Plaintiff does not oppose this request. A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). That is, the party requesting judicial notice must show that the fact "is not subject to reasonable dispute" because it is either generally known or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quotation omitted); Fed. R. Evid. 201(b). The Court **GRANTS** ILB's RJN as the California Secretary of State's website is a government publication and matter of public record, which is not subject to reasonable dispute. *See e.g. L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) ("[T]he accuracy of the results of records searches from the Secretary of State for the State of California corporate search website can be determined by readily accessible resources whose accuracy cannot reasonably be questioned.").

various state law claims related to Plaintiff's alleged wrongful termination from ILB: (1) Violation of the California Family Rights Act; (2) Illegal Retaliatory Discharge in Violation of California Labor Code §§ 233, 246.5; (3) Wrongful Termination in Violation of Public Policy; (4) Defamation; (5) Failure Provide Meal and Rest Periods under California Labor Code §§ 226.7 and 512; (6) Failure to Pay all Wages Due Upon Discharge under California Labor Code §§ 201–203); (7) Failure to Maintain Records under California Labor Code §§ 226 and 1174); and (8) Violation of California Business & Professions Code § 17200. (*See generally id.*).

On September 14, 2023, before Defendants filed a response to the initial Complaint, Plaintiff filed a FAC adding a ninth cause of action under the California Private Attorney's General Act, California Labor Code § 2699, *et seq*. (Docket No. 1-3). On October 27, 2023, Defendant ILB filed an answer in Riverside County Superior Court and removed the case invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.*, Exh. E). Defendants contend that ILB is a foreign corporation for purposes of diversity jurisdiction and Quinonez's citizenship is irrelevant because he is a "sham defendant" added to destroy the diversity of parties. (NOR, Docket No. 1 at 4).

On November 30, 2023, Plaintiff filed the instant Motion. Although Defendant Quinonez was named in five causes of action, Plaintiff argued only that the FAC's fourth cause of action for defamation defeats Defendants' "sham defendant" contention.

**B. The Defamation Claim**

With respect to Plaintiff's fourth cause of action for defamation, the FAC alleges the following facts in relevant part:

> 12. For many months during Plaintiff's employment, QUINONEZ and several ILB employees who reported to QUINONEZ harassed Plaintiff and made false defamatory statements about Plaintiff's intelligence, work ethic and competence at doing his job. Despite Plaintiff's strong work ethic, QUINONEZ and his ILB employees

3

knowingly made false defamatory statements about Plaintiff being incompetent.

13. Plaintiff complained to his supervisor QUINONEZ about the defamatory statements and harassment and asked QUINONEZ to act to stop the harassment and defamation.

14. Unfortunately, QUINONEZ did not care to end the defamation and instead treated Plaintiff with scorn and hostility and in a cold, curt and disdainful manner.

…

51. Plaintiff is informed and believe [sic] Defendants, and each of them, by the herein described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited internal and external defamatory statements, of and concerning Plaintiff, to third persons and to the community. Defendants were negligent in failing to assess the truth or falsity of the defamatory statements and/or made such statements with knowledge that they were false. These statements were made by Defendants by and through their managing agents, including but not limited to, QUINONEZ.

52. These false and defamatory statements included, but were not limited to, express and implied, accusations that Plaintiff was terminated for substandard job performance and thus incompetent to perform the duties of his position. Upon information and belief, defamatory statements made regarding Plaintiff include intentionally false statements made by QUINONEZ and other employees of Defendants in or about August 2022 and later.

53. Those defamatory statements were made verbally and possibly in writing and were communicated to employees of Defendants. These and similar statements by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was an incompetent employee. As described herein, and Defendants knew that such statements were unsubstantiated and obviously false.

54. Defendants were negligent in failing to assess the truth or falsity of their statements regarding Plaintiff. The defamatory statements were false and also had false implications, such as the implication

that Plaintiffs work performance was so bad as to warrant termination, and the implication that Plaintiff was not competent to perform the work and a poor employee.

…

56. While the precise dates of these statements are not known to Plaintiff, he is informed and believes, the statements may have started in or around August 2020 [sic] and continued to the time of her [sic] termination by creating false claims regarding Plaintiff for the improper purpose of giving the appearance that Plaintiffs wrongful and illegal termination was justified.

57. These statements and/or publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional statements and/or publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents and employees, and recipients in the community. Plaintiff hereby seeks damages for these statements and/or publications and all foreseeable republications discovered up to the time of trial, whether written or oral.

58. None of Defendants' defamatory statements and/or publications against Plaintiff referenced above are true.

59. The above defamatory statements were understood as assertions of fact, and not as opinion.

60. Each of the false defamatory per se publications set forth above were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputations, to cause him to be fired, to justify their firing. S

61. No privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or

republications.

62. As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal and professional reputation including suffering embarrassment, humiliation, emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

(Docket No. 1-3 ¶¶ 11, 13–14, 51–54, 56–62).

## II. LEGAL STANDARD

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." "Although an action may be removed to federal court only where there is complete diversity of citizenship... one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation marks and citations omitted).

In general, there is a presumption against finding a fraudulent joinder, and defendants who assert that a party is fraudulently joined carry a "heavy burden." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)

("Fraudulent joinder must be proven by clear and convincing evidence."). Defendants must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). It is not enough to show that a plaintiff is unlikely to prevail on her claim; a defendant must show by clear and convincing evidence that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter*, 582 F.3d at 1046) (emphasis in original); *Hamilton Materials*, 494 F.3d at 1206; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a [fraudulent] defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."); *Marin v. FCA US LLC*, Case No. 2:21-cv-04067-AB (PDx), 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021) ("In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Id.* (quoting *Gonzalez v. J.S. Paluch Co.*, Case No. 2:12-cv-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in original)).

### III. DISCUSSION

#### A. Motion for Remand

The parties do not dispute that the amount in controversy exceeds $75,000. Rather, the sole issue is whether Defendant Quinonez is a fraudulently joined "sham defendant" added to destroy diversity. (*See* Docket No. 17 at 1). While Plaintiff named Quinonez in five causes of action, Plaintiff's Motion only opposed removal based on Plaintiff's fourth cause of action against Quinonez for defamation. (Docket

No. 13 at 6–8). As such, the Court will only address the issue of Quinonez's fraudulent joinder as it relates to Plaintiff's cause of action for defamation.

First, Defendants contend that Plaintiff's defamation allegations are insufficient as alleged because they lack sufficient details regarding the circumstances of the statement such as the individual who made the statement, to whom the statement was made, whether it was written or spoken, the date of the statement, or the frequency of the statement(s). (Docket No. 17 at 2). Defendants ask this Court to misapply the standard for fraudulent joinder. As mentioned above, the standard is not whether the claim would prevail on its merits, but rather, whether there is any possibility that Plaintiff can state a claim in state court. *See e.g. Hill v. Airgas USA, LLC, et al.*, 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so.") (citation omitted). Furthermore, "any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand." *Id.* (citing *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)).

Here, Plaintiff alleges that from approximately August 2022[2] and continuing "[f]or many months during Plaintiff's employment, QUINONEZ and several ILB employees who reported to QUINONEZ harassed Plaintiff and made false defamatory statements about Plaintiff's intelligence, work ethic and competence at doing his job. Despite Plaintiff's strong work ethic, QUINONEZ and his ILB employees knowingly

---

[2] Defendants note that Plaintiff's allegations include typographical errors including inconsistently alleging that the defamation occurred starting in August 2020 and/or 2022 and misgendering Plaintiff. These factual errors may be cured with an amended complaint and do not sufficiently negate Plaintiff's claim for purposes of establishing fraudulent joinder. *See e.g. Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) ("[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

8

made false defamatory statements about Plaintiff being incompetent." (Docket No. 1-3 ¶ 12). The purpose of these false statements were to give "the appearance that Plaintiff's wrongful and illegal termination was justified." (*Id.* ¶ 56). As a result of these allegedly defamatory statements, Plaintiff suffered injury including to "his personal and professional reputation." (*Id.* ¶ 62). These allegations, while lacking in detail, are more than sufficient to raise a possibility of a state law claim for defamation.[3] In fact, several district courts have found similar allegations sufficient to justify remand. *See e.g. Sanchez v. Lane Bryant, Inc.,* 123 F. Supp. 3d 1238, 1243 (C.D. Cal. 2015) (holding that employee's joinder of supervisor in a defamation claim was not fraudulent where supervisor allegedly stated that employee was a poor employee who was incompetent and unskilled to justify employee's termination); *see also Morales v. Gruma Corporation*, 2013 WL 6018040, at *4 (C.D. Cal. Nov. 12, 2013) (finding plaintiff's claim of defamation against two of defendants' officers were not fraudulent joinders where defamatory statements were for purpose of justifying termination and included assertions that plaintiff violated company policy and engaged in illegal activity); *see also Webber v. Nike USA, Inc.*, 2012 WL 4845549, at *6 (S.D. Cal. Oct. 9, 2012) (finding that allegation of defamation based on statement that the plaintiff was terminated for "poor performance" was sufficient to establish a "non-fanciful possibility that a California state court could conclude that Plaintiff" alleged defamation claim). As such, the Court finds that Defendants have not met their burden as to demonstrating the deficiency of the defamation allegations as to Defendant Quinonez.

Second, Defendants assert that any allegedly defamatory statements about Plaintiff's work performance are opinions, which cannot be factually incorrect for

---

[3] To be clear, the Court does not opine on the merits of Plaintiff's defamation claim. Instead, the Court finds that for the narrow issue of remand, Defendants have failed to satisfy their burden of demonstrating by clear and convincing evidence that Plaintiff has no possibility of bringing a state law claim for defamation.

9

purposes of establishing a cause of action for defamation. (Docket No. 17 at 2). "Because the statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability. Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected." *McGarry v. University of San Diego*, 154 Cal. App. 4th 97, 112 (Cal. App. 4th Dist. 2007). Defendants rely on *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965 (Cal. App. 4th Dist. 1993) to support their proposition that an employer's statements about an employee's negative performance are constitutionally protected opinions. *Jensen*, however, is distinguishable as it is limited to statements made in the context of an employee's performance evaluation. *See e.g. Webber*, 2012 WL 4845549, at *6 (finding *Jensen's* holding was limited to statements made in an employee's performance evaluation). Plaintiff has alleged, however, that the allegedly defamatory statements were fabricated to justify his termination—not made in a performance evaluation. (Docket No. 1-3 ¶ 56). Further, as mentioned above, several courts in this circuit have similarly found that statements from a supervisor about an employee's work performance were sufficient to raise a possible state law claim for defamation. *See e.g. Sanchez*, 123 F. Supp. 3d at 1243 (supervisor's allegedly defamatory statements revolved around plaintiff's poor work performance); *Webber*, 2012 WL 4845549, at *6 (same). Accordingly, the Court finds that Defendants failed to satisfy their burden on the grounds that Defendants statements were protected opinions.

Third, Defendants contend the alleged defamatory statements are covered under the common interest privilege pursuant to California Civil Code § 47(c) and thus cannot be defamatory. (*Id.* at 2–5). Section 47(c) states, in relevant part, that a communication is privileged if it is made "without malice, to a person interested therein." This privilege, however, is not absolute. Cal. Civ. Code § 47(c). A plaintiff can overcome this privilege by proffering that a defendant had "actual malice." *Noel v. River Hills Wilsons, Inc.,* 113 Cal.App.4th 1363, 1370, 7 Cal.Rptr.3d 216 (2003).

10

Actual malice "is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard for the plaintiff's rights." *Id.*

In the present matter, Plaintiff alleges that Plaintiff "complained to his supervisor QUINONEZ about the defamatory statements and harassment and asked QUINONEZ to act to stop the harassment and defamation." (Docket No. 1-3 ¶ 13). Despite Plaintiff's pleas, Quinonez "did not care to end the defamation and instead treated Plaintiff was scorn and hostility and in a cold, curt and disdainful manner." (*Id.* ¶ 14). Plaintiff further alleges that the defamatory statements were "made with hatred, ill will, and an intent to vex, harass, annoy, and injury Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputations, to cause him to be fire, to justify their firing." (*Id.* ¶ 60). These allegations are sufficient to plead malice at the motion to remand phase. *See e.g. Johnson v. Wells Fargo & Co., Inc.*, 2014 WL 6475128, at *9 (C.D. Cal. Nov. 19, 2014) (finding allegations "sufficient to plead malice, at least for purposes of avoiding removal on the basis of fraudulent joinder" while rejecting privilege argument under California Civil Code § 47(c) where allegedly defamatory statements were made against employee in retaliation and to justify wrongful termination); *see also Tipton v. Walmart Inc.*, 2021 WL 1561462 (C.D. Cal. Apr. 20, 2021) (remanding action where the plaintiff had alleged a defamation claim against the non-diverse defendant and noting that "the standard to establish fraudulent joinder is more exacting than under Rule 12(b)(6)"). Thus, the Court finds that this argument also fails to satisfy Defendants' burden of establishing that Plaintiff has no possibility of bringing a defamation claim in state court.

### B. Attorneys' Fees

In conjunction with his Motion for Remand, Plaintiff seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), "[a]n order remanding

11

the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

Here, Plaintiff seeks a total judgment amount of $3,800, which includes 9.5 hours with an hourly rate of $400 for work that counsel spent preparing this motion, "including the anticipated reply papers and attending the hearing." (Docket No. 13 at 14). Plaintiff, however, fails to provide the Court with any information about counsel's years of experience practicing law, experience in this area of law, or the number of hours it spent on each work product or anticipates for future work. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983) (the party seeking attorneys fees bears the burden to proffer evidence substantiating the hours worked and the rates requested). In any event, the Court declines to award any attorneys' fees because it does not find that Defendants arguments are so objectively unreasonable as to warrant an award of attorneys' fees. *See e.g. Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *13 (C.D. Cal. Nov. 19, 2014) ("Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful.") (internal quotation marks and citations omitted). The case law demonstrates that fraudulent joinder issues related to defamation causes of action have been challenged a myriad of times and result in different outcomes depending on the facts of each matter. Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

## IV. CONCLUSION

Because Plaintiff's allegations raise at least a mere possibility that Plaintiff will be able to state a claim for defamation in state court, the Court finds that Defendant Quinonez is not a "sham defendant" whose joinder was fraudulent. As such, complete

diversity does not exist, and removal of this matter was improper.  In light of the foregoing, the Court **GRANTS** Plaintiff's Motion but **DENIES** Plaintiff's request for attorneys' fees.

**IT IS SO ORDERED.**

Dated:  January 4, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE